THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROBERT ANDREW MULLINS,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, and BOB STOKES,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER OF DISMISSAL WITH PREJUDICE and NOTICE AND WARNING REGARDING RESTRICTED FILER STATUS**<br><br>Case No. 4:21-cv-00055-DN<br><br>District Judge David Nuffer |

Plaintiff Robert Andrew Mullins, an inmate at the Sanpete County Jail, filed a *pro se* complaint.[1] Plaintiff was allowed to proceed *in forma pauperis*.[2]

Plaintiff then filed two motions: a Motion to Seal Case Immediately ("Motion to Seal")[3] and a Motion to Take Leave to Amend Complaint ("Motion to Amend").[4] The Motion to Amend includes a proposed amended complaint.[5] The Motion to Amend[6] is GRANTED, and the proposed amended complaint ("Amended Complaint")[7] is now the operative complaint in this action.

---

[1] Bivins 28 U.S.C. 1331 et. seq., docket no. 4, filed May 25, 2021.

[2] Order, docket no. 3, filed May 25, 2021.

[3] Docket no. 7, Jun. 7, 2021.

[4] Docket no. 12, filed Feb. 3, 2022. Plaintiff's Motion to Amend was originally received by the court on June 10, 2021, but its filing was held off for ruling on Plaintiff's Motion to Seal. Staff Notes, filed June 10, 2021.

[5] Amended Complaint Tort Liability U.S.A. 28 U.S.C. 2671 et. seq. ("Amended Complaint"), docket no. 12-1, filed Feb. 3, 2022.

[6] Docket no. 12, filed Feb. 3, 2022.

[7] Docket no. 12-1, filed Fed. 3, 2022.

PLAINTIFF'S ALLEGATIONS ................................................................................................ 2
DISCUSSION ............................................................................................................................. 4
    An affirmative link between the USA and Plaintiff's claims is not present and the USA cannot
    be a defendant in a *Bivens* action.......................................................................................... 6
    Plaintiff's *Bivens* claims against Agent Stokes are barred by the four-year limitations period . 6
    Some of Plaintiff's requested remedies are habeas oriented ..................................................... 7
    Plaintiff's Motion to Seal is denied ........................................................................................... 8
NOTICE AND WARNING REGARDING RESTRICTED FILER STATUS .............................. 8
ORDER ...................................................................................................................................... 11

## PLAINTIFF'S ALLEGATIONS

The Amended Complaint names two defendants: the United States of America ("USA"); and Bob Stokes.[8] Plaintiff asserts in the Amended Complaint that on or about June 11, 2008,[9] Federal Agent Bob Stokes ("Agent Stokes") instructed an Inovar employee to use certain software, which the Inovar employee "did not have jurisdictional license to operate" and download "images of child pornography" onto "account labeled 'Bob Mullins.'"[10] The Inovar employee allegedly then downloaded the images on a CD and gave the CD to Agent Stokes.[11] Plaintiff further asserts that the Inovar employee "signed a statement to his action he performed with said software"[12] and that Agent Stokes "delivered the signed statement" of the Inovar employee to the Cache County Attorney along with the pornographic images with instructions to Cache County Attorney to withhold the exculpatory statement of the Inovar employee.[13] These actions allegedly resulted in Plaintiff being criminally charged in 2009 in the First District Court of Cache County in Utah, case number 091101668.[14] Plaintiff further alleges that the exculpatory

---

[8] Amended Complaint ¶¶ 4-5 at 1-3.

[9] *Id.* ¶ 5 at 3.

[10] *Id.* ¶¶ 1-2 at 3.

[11] *Id.* ¶¶ 3-4 at 4.

[12] *Id.* ¶ 3 at 4.

[13] *Id.* ¶ 4 at 4.

[14] *Id.*

statement by the Inovar employee was later found by "Post Conviction Relief Attorney David Perry" when he was assigned to Plaintiff's case in March 2016 and requested "all files . . . from the Utah Board of Pardons."[15]

Plaintiff sets forth his claims as allegations that his constitutional rights were violated, specifically under the "Fourth Amendment Due Process Clause;"[16] "Bill of Rights violation, Amendment 5;"[17] "Bill of Rights violation, Amendment 6;"[18] and "Bill of Rights Amendments 1-6."[19] Plaintiff details these claims by alleging Agent Stokes knowingly conspired with the Cache County Attorney to falsify evidence against him and hide exculpatory evidence of Inovar employee's signed statement.[20]

Plaintiff requests numerous forms of relief, including: ordering the United States Attorney General ("USAG") to investigate and audit Plaintiff's allegations;[21] removing all fabricated evidence and all unlawful evidence presented by Agent Stokes;[22] ordering the USAG to provide a list of all conspirators and their contact information;[23] ordering the USAG to provide information where Plaintiff may collect on damages and injuries suffered;[24] ordering the USAG to compensate Plaintiff $18,000,000 in damages;[25] order the USAG to compensate Plaintiff

---

[15] *Id*. ¶ 3 at 10.

[16] *Id*. ¶ 1.a. at 6.

[17] *Id*. ¶ 1.b. at 6.

[18] *Id*. ¶ 1.c. at 6-7.

[19] *Id*. ¶¶ 1.d.-e. at 7-8.

[20] *Id*. ¶¶ 1.a.-e. at 6-8.

[21] *Id*. ¶ 1 at 11.

[22] *Id*.

[23] *Id*. ¶ 2 at 11.

[24] *Id*. ¶ 3 at 12.

[25] *Id*. ¶ 4 at 12.

$1,800,000 in attorneys' fees;[26] and ordering the USA to provide Plaintiff with a debit card draw on the funds awarded.[27]

Given Plaintiff's assertion of violations of his constitutional rights, the Amended Complaint is construed as an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*.[28] In a *Bivens* action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights.[29]

The Amended Complaint, screened under the statutory review function,[30] is DISMISSED for failure to state a claim upon which relief may be granted.

## DISCUSSION

When deciding whether a complaint states a claim upon which relief may be granted, a court takes all well-pleaded factual statements as true and regards them in a light most favorable to the plaintiff.[31] Dismissal is fitting when, viewing those facts as true, the plaintiff has not posed a "plausible" right to relief.[32] The burden is on the plaintiff to frame a "'complaint with enough

---

[26] *Id.* ¶ 5 at 12.

[27] *Id.* ¶ 6 at 12.

[28] 403 U.S. 388 (1971).

[29] *Id.* at 389; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009) (stating *Bivens* actions are "federal analog" to § 1983 actions).

[30] The screening statute reads:
> (a) Screening.—The court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

[31] *Ridge at Red Hawk L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[32] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)*; Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008).

factual matter (taken as true) to suggest' that he or she is entitled to relief."[33] When a civil rights complaint contains "bare assertions," involving "nothing more than a 'formulaic recitation of the elements' of a constitutional . . . claim," those assertions are "conclusory and not entitled to" an assumption of truth.[34] In other words, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[35]

A court construes pro se "'pleadings liberally,' applying a less stringent standard than is applicable to pleadings filed by lawyers. Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[36] The Tenth Circuit Court of Appeals holds that, if the pleadings can reasonably be read "to state a valid claim on which the plaintiff could prevail, [they should be read] so despite the plaintiff's failure to cite proper legal authority, [a] confusion of various legal theories, [a] poor syntax and sentence construction, or [an] unfamiliarity with pleading requirements."[37] Still, "the proper function of the district court [is not] to assume the role of advocate for the pro se litigant."[38] Dismissing the complaint "without affording the plaintiff notice or an opportunity to

---

[33] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 556).

[34] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1951 (2009) (quoting *Twombly*, 550 U.S. at 554-55).

[35] *Red Hawk*, 493 F.3d at 1177 (emphasis in original).

[36] *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citations omitted).

[37] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[38] *Id.*; *see also Peterson v. Shanks*, 149 F.3d 1140, 1143 (10th Cir. 1998) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)).

amend is proper only 'when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'"[39]

### An affirmative link between the USA and Plaintiff's claims is not present and the USA cannot be a defendant in a *Bivens* action

A complaint must clearly state what each defendant did to violate Plaintiff's civil rights.[40] "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[41]

Under these guidelines, Plaintiff has done nothing to affirmatively link the USA to his claims. Plaintiff's allegations involve Agent Stokes, an Inovar employee, and the Cache County Attorney. It appears the USA is a defendant because the relief Plaintiff seeks is from the USA.[42]

However, even if Plaintiff had clearly stated what the USA did to violate Plaintiff's civil rights, "*Bivens* claims cannot be asserted directly against . . . the United States."[43] Therefore, the Amended Complaint fails to state a claim against the USA as a matter of law.

### Plaintiff's *Bivens* claims against Agent Stokes are barred by the four-year limitations period

Although Agent Stokes is a viable defendant for a *Bivens* claim, Plaintiff's claims are barred by the four-year statute of limitations found in Utah Code § 78B-2-307(3). *Bivens* actions are governed by the statute of limitations generally applicable to personal-injury claims in the state where the claims arose.[44] Because Plaintiff's claims arose in Utah, the four-year statute of

---

[39] *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

[40] *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each defendant is essential allegation).

[41] *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[42] Amended Complaint ¶¶ 1-6 at 11-12.

[43] *Smith v. United States*, 561 F.3d 1090, 1093 (10th Cir. 2009).

[44] *Indus. Constructors Corp. v. U. S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir. 1994).

limitations for personal injury in Utah Code Ann. § 78B-2-307(3) applies to bar Plaintiff's *Bivens* claims against Agent Stokes.[45]

The issue of when a federal cause of action accrues is controlled by federal law.[46] "The statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."[47] A plaintiff has "reason to know" of his injury when he should have discovered the existence and cause of his injury through the exercise of reasonable diligence.[48] "A plaintiff need not know the full extent of his injuries before the statute of limitations begins to run."[49] Plaintiff's claims regarding Agent Stokes's actions—around June 11, 2008, to December 2009—clearly accrued long before the four years immediately preceding this action's initiation in May 2021. And even extending the date on which Plaintiff knew or should have known of his claims to March 2016, the date on which Plaintiff's Post Conviction Relief Attorney purportedly discovered the Inovar employee's statement, the May 2021 initiation of the action was over one year late. Therefore, Plaintiff's *Bivens* claims against Agent Stokes are barred as untimely.

### Some of Plaintiff's requested remedies are habeas oriented

Plaintiff's requested relief includes removal of allegedly fabricated and unlawful evidence from his state criminal case;[50] cleansing of all files associated with Plaintiff;[51] and providing a letter of release.[52] These forms of relief could be granted only based upon a valid

---

[45] *Van Tu v. Koster*, 364 F.3d 1196, 1199 (10th Cir. 2004).

[46] *Indus. Constructors Corp.*, 15 F.3d at 968-69.

[47] *Id.* at 969 (citing *United States v. Kubrick*, 444 U.S. 111, 121 (1979)).

[48] *Id.* (citing *Ohio v. Peterson, Lowry, Rall, Barber & Ross*, 651 F.2d 687, 692 (10th Cir. 1981)).

[49] *Id.*

[50] Amended Complaint ¶ 1.a. at 11.

[51] *Id.*

[52] *Id.* ¶ 1.b. at 11.

habeas-corpus petition asking that Plaintiff's criminal conviction be overturned.[53] Such requests are inappropriate in this *Bivens* action.

### Plaintiff's Motion to Seal is denied

In Plaintiff's Motion to Seal, he asks for this case to be sealed because the "[A]mended [C]omplaint . . . contains information of 2 sealed cases, one in Utah 4:20-cv-109-DN-sealed, and one mailed on 24 May 2021 to U.S. Dist. Court in Minneapolis MN (Qui Tam under 31 U.S.C. 3729 et. seq.) which is SEALED upon arrival in Minnesota."[54]

"Court records are presumptively open to the public" and "the sealing of civil cases is highly discouraged."[55] Actions filed under the False Claims Act are sealed for a minimum of 60 days,[56] but Plaintiff's Complaint in this action does not allege False Claims Act violations.[57] Because Plaintiff has not identified "the statute, rule, case law, or other basis permitting the court to seal the case,"[58] the Motion to Seal[59] is DENIED.

### NOTICE AND WARNING REGARDING RESTRICTED FILER STATUS

Between October 2020 and December 2021, Plaintiff filed five cases involving the same or similar factual allegations, parties, and claims.[60] The entry of this Memorandum Decision and

---

[53] 28 U.S.C. § 2254.

[54] Motion to Seal at 1.

[55] DUCivR 5-2(a).

[56] *Id*. at 5-2(b).

[57] The only relevant allegations in the complaint regarding a False Claims Act claim are allegations that the Inovar employee was also instructed to download 150 corporate contracts onto said account for "Bob Mullins." Amended Complaint ¶¶ 2 at 4, 5 at 5, 1.e. at 8.

[58] DUCivR 5-2(c)(2).

[59] Docket no. 7, filed June 7, 2021.

[60] *United States ex rel Mullins*, No. 4:20-cv-00109-DN (D. Utah); *Mullins v. United States*, 4:21-cv-00057-DN (D. Utah); *Mullins v. U.S. Immigration and Customs Enforcement et al.*, 4:21-cv-00117-DN (D. Utah); *Mullins v. Stokes*, 4:21-cv-00055-DN (D. Utah); *United States ex re SEALED*, 1:21-cv-00160-TS (D. Utah).

Order will result in the dismissal with prejudice of four of Plaintiff's five cases for failure to state a claim as a matter of law.[61]

Plaintiff is given notice and warned that his future filing actions involving the same or similar factual allegations, parties, and claims will result in the issuance of an order requiring Plaintiff to show cause as to why he should not be placed on the District of Utah's restricted filer list.

Before filing any future action involving the same or similar factual allegations, parties, and claims, Plaintiff is encouraged to review the complaints and dismissal orders of this and his other three dismissed actions, and consider the effect of this notice and warning. Placement of Plaintiff on the restricted filer list could include, but is not limited to, the following restrictions to any future pro se pleadings attempted to be filed by Plaintiff:

(1)     Requiring Plaintiff to file a petition with the Clerk of Court requesting leave to file a pro se action;

(2)     The petition would be required to include a list of all of Plaintiff's current or previously filed lawsuits;

(3)     The petition would be required to include a notarized affidavit from Plaintiff reciting the issues he seeks to present and including a short discussion of the legal basis asserted for the claims;

(4)     The affidavit would be required to include an assertion that, to the best of Plaintiff's knowledge, the legal arguments raised have not previously been raised in other lawsuits and are not frivolous or brought in bad faith;

---

[61] *United States ex rel Mullins*, No. 4:20-cv-00109-DN (D. Utah); *Mullins v. United States*, 4:21-cv-00057-DN (D. Utah); *Mullins v. U.S. Immigration and Customs Enforcement et al.*, 4:21-cv-00117-DN (D. Utah); *Mullins v. Stokes*, 4:21-cv-00055-DN (D. Utah).

  (5)  The petition would be required to include a copy of the complaint Plaintiff seeks to file;

  (6)  The Clerk of Court would send the petition and referenced materials to a magistrate judge for review to determine whether the proposed complaint is meritorious, duplicative, or frivolous;

  (7)  The magistrate judge would determine if the proposed complaint is without merit, duplicative, or frivolous;

  (8)  The magistrate judge would forward the proposed complaint and a report and recommendation regarding the proposed complaint to the Chief District Court Judge for further review; and

  (9)  The proposed complaint would be filed only with the review and consent of the Chief District Court Judge.

**ORDER**

IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion to Amend[62] is GRANTED. The Clerk shall file the proposed amended complaint,[63] as the Amended Complaint.

(2) Plaintiff's Amended Complaint[64] is DISMISSED with prejudice, under 28 U.S.C. § 1915(e)(2)(B) (2021), for failure to state a claim upon which relief may be granted.

(3) Plaintiff's Motion to Seal[65] is DENIED.

The Clerk is directed to close the case.

DATED this February 3, 2022.

BY THE COURT:

David Nuffer
United States District Judge

---

[62] Docket no. 12, filed Feb. 3, 2022.

[63] Docket no. 12-1, filed Feb. 3, 2022.

[64] *Id.*

[65] Docket no. 7, filed June 7, 2021.